UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00388-FDW

| | |
|---|---|
| MARK KEVIN SHAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* after reviewing the parties' motions. Plaintiff has filed a Motion to Amend the Record (Doc. No. 8) and a Motion for Judgment on the Pleadings (Doc. No. 9), while Defendant has filed a Motion for Summary Judgment (Doc. No. 12). Before deciding any of the pending Motions, however, the Court requests supplemental briefing as discussed below.

Fourth Circuit precedent dictates that a district court cannot consider evidence that was not presented to the ALJ. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996) (citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963)). Reviewing courts are restricted to the administrative record when determining whether the decision of the ALJ is supported by substantial evidence. Wilkins v. Sec'y, Dep't of Health & Human Serv., 953 F.2d 93, 96 (4th Cir. 1991). Nevertheless, a reviewing court may remand a case to the Commissioner for the consideration of additional evidence if the evidence in question is both new and material, and if there is good cause for failing to present evidence earlier. See 42 U.S.C. § 405(g) (2012); see also Miller v. Barnhart, 64 F. App'x 858, 859 (4th Cir. 2014).

On February 24, 2012, the ALJ rejected Plaintiff's original petition for disability

insurance. (Doc. No. 6-3, pp. 8–27). One month later, on March 28, 2012, Plaintiff appealed the ALJ's decision to Administration's Appeals Council (Doc. No. 6-3, pp. 6–7), which affirmed the ALJ's decision thirteen months later on April 24, 2013 (Doc. No. 6-3, pp. 1–5). Plaintiff now moves the Court to supplement the record with an MRI he received in March 2013—while the appeal was pending—twelve months after he filed his original appeal and one month before the Appeals Council rendered its decision. Two central issues are whether Plaintiff had a duty to file his Motion to Amend the Record when the case was still pending before the Appeals Council in order to preserve the evidence and, if so, whether he had sufficient time to do so after receiving the results of the MRI in question. The Court finds the parties' briefing on these issues inadequate.

IT IS THEREFORE ORDERED that the parties shall have up to and including June 4, 2014, to provide supplemental briefing no longer than 1200 words on the following issues:

1. Whether Plaintiff should have filed the Motion to Amend the Record when this case was pending before the Appeals Council; and

2. Whether Plaintiff had sufficient time to file a Motion to Amend the Record before the Appeals Council rendered their decision.

IT IS SO ORDERED.

Signed: May 21, 2014

Frank D. Whitney
Chief United States District Judge