# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:13-cv-00388-FDW

| | |
|---|---|
| MARK KEVIN SHAVER,               )<br>                                                      )<br>        Plaintiff,                           )<br>                                                      )<br>vs.                                               )<br>                                                      )<br>CAROLYN W. COLVIN,                )<br>Acting Commissioner of Social Security, )<br>                                                      )<br>        Defendant.                        )  | ORDER |

**THIS MATTER** is before the Court upon Plaintiff Mark Kevin Shaver ("Plaintiff's") Motion to Amend/Correct the Record, (Doc. No. 7), filed November 1, 2013; Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 9), filed on November 1, 2013; and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("Defendant's") Motion for Summary Judgment, (Doc. No. 12), filed on December 18, 2014. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion to Amend/Correct the Record is DENIED, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Administrative Law Judge's ("ALJ's") decision is AFFIRMED.

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on February 15, 2010, alleging a disability onset date of February 8, 2010. The claim was initially denied and again

denied upon reconsideration by the Social Security Administration. Plaintiff then filed a written request for a hearing, and on January 19, 2012, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled as defined by the Social Security Act (Doc. No. 6-3). Plaintiff requested review by the Appeals Council, on which denied his request (Tr. 1-6). Thus, the ALJ's decision became the Commissioner's final decision.

On June 24, 2013, Plaintiff commenced this civil action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On November 1, 2013, Plaintiff filed a Motion to Amend/Correct the Record (Doc. No. 7) seeking to include the results of a magnetic resonance imaging scan ("MRI") scan conducted in March 2013 as new and material evidence. Concurrently, Plaintiff filed a Motion for Judgment on the Pleadings (Doc. No. 9). On December 18, 2013, Defendant filed a Motion for Summary Judgment (Doc. No. 12).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and to whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined substantial evidence "as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. PLANTIFF'S MOTION TO AMEND/CORRECT THE RECORD

As an initial matter, Plaintiff's Motion to Amend/Correct the Record (Doc. No. 7) seeks to include the results of an MRI Plaintiff received thirteen months after he filed his original

appeal to the Appeals Council and one month before the Appeals Council rendered its final decision. After reviewing Plaintiff's Motion, this Court ordered the parties to provide supplemental briefing on two issues: (1) whether Plaintiff should have filed the Motion to Amend the Record when this case was pending before the Appeals Council; and if so, (2) whether Plaintiff had sufficient time to file such a motion before the Appeals Council rendered its decision (Doc. No. 14). After reviewing Plaintiff's Motion and the parties' supplemental briefs, the Court finds Plaintiff has not established good cause for failing to enter the MRI in the prior proceedings.

The sixth sentence of 42 U.S.C. § 405(g) permits the Court to remand a final determination by the Commissioner if new and material evidence is subsequently introduced into the record, and there is good cause for the failure to enter the evidence during the prior proceeding. See also Smith v. Charter, 99 F.3d 635, 638 n.5 (4th Cir. 1996); Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

The sixth sentence does not allow the Court to affirm, modify, or reverse the Commissioner's decision, nor does it permit the Court to make a ruling with respect to the correctness of a decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). The burden of showing that all of the sentence six requirements have been met rests with Plaintiff. Gorham v. Astrue, No. 4:05–cv–00136, 2008 WL 5085086, at *1 (E.D.N.C. Nov. 24, 2008) (citing Fagg v. Chater, No. 95-2097, 1997 WL 39146, at *2 (4th Cir. Feb. 3, 1997)).

As the United States District Court for the Southern District of West Virginia has explained:

> "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Secretary, Department of Health and Human

4

> Services, 953 F.2d 93, 96 n.3 (4th Cir. 1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

Meadows v. Astrue, No. 5:08-cv-01129, 2010 WL 1380117, at *3 (S.D.W.Va. Mar. 31, 2010); see also Jackson v. Astrue, No. 3:09-cv-193, 2010 WL 4258748, at *5 (W.D.N.C. Sept. 29, 2010) (Keesler, Mag. J.).

The Fourth Circuit has held that if "newly discovered evidence" was already available to a claimant while the claimant's case was still pending before the Appeals Council, the claimant cannot amend the record at the district court stage unless he first shows good cause for failing to amend previously. McAbee v. Halter, No. 00-2198, 2001 WL 1251452 (4th Cir. Oct. 19, 2001) ("A reviewing court can remand only if the claimant establishes that the new evidence is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.") (unpublished) aff'g McAbee v. Apfel, No. 4:99-cv-01508-HMH (D.S.C. July 19, 2000); see also Jackson v. Astrue, No. 3:09-cv-193, 2010 WL 4258748, at *5 (W.D.N.C. Sept. 29, 2010) (Keesler, Mag. J.) (stating that good cause must be shown for failure to introduce new evidence to the Appeals Council).

Other courts around the country agree with the Fourth Circuit's rule. See, e.g. Waite v. Bowen, 819 F.2d 1356, 1361-62 (7th Cir. 1987); White v. Barnhart, 373 F. Supp. 2d 1258, 1265 (N.D. Ala. 2005) ("[T]he question [under the sixth sentence] is not whether there is good cause for failure to present the evidence at the ALJ level, but rather for failure to present it at the administrative level, which includes the Appeals Council stage."); Roman v. Apfel, 24 F. Supp. 2d 263, 273 (D. Conn. 1998) ("[B]y requiring the Appeals Council to consider new evidence

5

regarding conditions existing prior to the hearing before the ALJ, the regulations support a determination that the claimant must show good cause for failure to present the new evidence to both the ALJ and the Appeals Council."); Turner v. Sullivan, No. 3-91-213, 1992 WL 415379, at *3 (D. Minn. Sept. 28, 1992).

The Court finds that Plaintiff failed to demonstrate good cause.[1] Plaintiff concedes in his supplemental brief that he both had this document in his possession prior to the completion of review by the Appeals Council and had adequate time to submit it to the Appeals Council before it rendered its final decision. (Doc. No. 16). The only justification Plaintiff provides is that his attorney made an "inadvertent oversight[,]" admitting that "[t]he new MRI did not appear to counsel to be markedly different from the last MRI of December 13, 2011 . . . . until later . . . on appeal to this Court[.]" Id.

Courts around the country, however, have repeatedly held that "[m]istakes by an attorney are not considered to be 'good cause' for purposes of a remand under Sentence Six." Benton v. Astrue, No. 0:09-892-HFF-PJG, 2010 WL 3419276 (D.S.C. April 28, 2010) (unpublished) (quoting Jackson v. Comm'r of Soc. Sec., No. 07-14184, 2009 WL 612343, *3 (E.D. Mich. Mar. 6, 2009) (unpublished)); see also Taylor v. Comm'r of Soc. Sec., 43 Fed. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the plaintiff's] . . . premise that the alleged incompetence of her first attorney constitutes 'good cause' in this context."); O'Bert v. Comm'r of Soc. Sec., No. 1:08-cv-660, 2009 WL 3010846, at *8 (S.D. Ohio Sept. 21 2009) ("An allegation of attorney error has not been found to constitute good cause for purposes of a Sentence Six remand."). Accordingly, the Court finds that Plaintiff has

---

[1] The Court does not need to decide whether the MRI was new, material, or relevant because the issue of good cause is dispositive.

not shown good cause for his failure to submit the new evidence to the Appeals Council. Therefore, the Court denies Plaintiff's Motion to Amend/Correct the record.

### IV. PARTIE'S DISPOSITIVE MOTIONS[2]

The question before the ALJ was whether Plaintiff was "disabled," as defined for Social Security purposes, between October 7, 2008 and the date of the decision.[3] The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the ALJ determined that Plaintiff was not disabled under the fifth step of the evaluation process. (Tr. 22). The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that

---

[2] Rather than separately set forth the facts in this chase, the Court has incorporated the relevant facts into its legal analysis.
[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

exist in significant numbers in the national economy that the claimant can perform." (Tr. 21).

On appeal, Plaintiff makes the following assignments of error: (1) the ALJ erred finding Plaintiff's condition does not result in compromise of a nerve root or the spinal cord, with evidence of nerve root compression; (2) the ALJ erred overlooking or ignoring other material evidence of pain; (3) the ALJ erred in assessing Plaintiff's credibility; and (4) the ALJ erred failing to accord Plaintiff's pain testimony great weight. (Doc. No. 10). The Court notes that several assertions set forth in Plaintiff's brief do not accurately characterize or correctly apply the correct governing law.

**A. Analysis of Plaintiff's condition**

Plaintiff asserts that the ALJ "ignored," or "overlooked" the "compromise of a nerve root" in Plaintiff's lumbar spine. This compromise was evidenced by a report of an MRI performed in August 2007 ("2007 Report") (Doc. No. 10, pp. 12-13, referring to Tr. 256). This is not an accurate assertion of the record. The ALJ quoted the entire "Conclusion" section of the 2007 Report (Tr. 256). Based upon the 2007 Report and other evidence, the ALJ found that degenerative disk disease of Plaintiff's lumbar spine was a "severe impairment" that "significantly limits his ability to perform basic work activities" (Tr. 13). Additionally, the ALJ included the above limitations to Plaintiff's RFC finding (Tr. 16). Plaintiff has made no effort to establish that the 2007 Report demonstrates that he suffers any further limitations than those the ALJ included in his RFC finding.

Plaintiff also argues that the ALJ committed clear error, finding Plaintiff's impairments did not meet or equal the severity of the impairment listed in 20 C.F.R. Part 404, Subpart P, App. I § 1.04A ("Listing § 1.04A"). To sustain the burden of establishing such an error, a Plaintiff

"must present medical findings equal in severity to all the criteria" for the applicable listing. Sullivan v. Zebley, 493 U.S. 521, 531 (1990). Plaintiff has provided no evidence or medical findings necessary to sustain this burden. Also, Plaintiff's legal memorandum fails to discuss several necessary elements required for a Listing § 1.04A. It is also duly noted that the ALJ relied on the opinion of state agency physician Melvin Clayton, M.D., who specifically considered the 2007 Report and opined that Plaintiff had not sustained his burden of establishing that he met or equaled Listing § 1.04A. Based on the ALJ's discretion in the matter and lack of Plaintiff meeting the required burden, the ALJ did not commit error finding Plaintiff's condition does not result in compromise of nerve root or the spinal cord.

**B. Other material evidence of pain**

Plaintiff claims that the ALJ overlooked or ignored other material evidence of pain. Plaintiff asserts that two specific sets of evidence should be characterized as material: (1) Dr. Lorch's report in August that Plaintiff was on a transcutaneous electrical nerve stimulation ("TENS") unit that was not effective (Tr. 250) and (2) Dr. Lorch's report on August 30, 2007, that provided Plaintiff's range of motion was normal and pain free in flexion but it was 75% restricted in extension. In support of this position, Plaintiff cites Flaherty v. Astrue, which states "Reversing an ALJ's decision is warranted in cases where the ALJ . . . ignored material evidence." 2013 WL 4784419, 5 (D. Mass., 2013). Plaintiff mistakenly takes these two pieces of evidence as material and as a basis for ALJ error. An ALJ need not expressly discuss every shred of evidence in the record in regards to his decision. Mitchell v. Astrue, No. 2:11-cv-00056, 2013 WL 678068, at *7 (W.D.N.C. Feb. 25, 2013). Additionally, the two pieces of evidence cited by Plaintiff both predate the alleged onset date by well over two years. It is evident that Plaintiff has

9

not met his burden of establishing that these two pieces of evidence demonstrate that Plaintiff suffered any limitations beyond those that the ALJ included in his assessment of Plaintiff's RFC.

**C. Plaintiff's credibility**

The ALJ ruled that Plaintiff's statements concerning his symptoms were not credible due to inconsistency (Tr. 18). Plaintiff argues that this was an improper finding. The Fourth Circuit outlines a two-step process for evaluating credibility in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). In conducting the two-step Craig analysis, step one requires an ALJ to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." 76 F.3d at 594. Step two requires that an ALJ evaluate the alleged symptoms' intensity and persistence along with the extent to which those symptoms limit the claimant's ability to engage in work. Id. This evaluation requires consideration by an ALJ of: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) a claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Id. Other relevant evidence includes a claimant's activities of daily living; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve a claimant's alleged pain and other symptoms. Id.

First, Plaintiff himself attested that he was able to maintain employment until February 2010 (Tr. 203), which was the same month as his alleged onset date (Tr. 174). The ALJ properly

discounted Plaintiff's credibility because Plaintiff was able to continue working while suffering from the same impairments that are now allegedly rendering him disabled. Plaintiff testified that he worked for a long time even though he believed himself to be disabled. The ALJ concluded that the fact that Plaintiff's impairments did not previously prevent him from working suggests that they would not currently prevent work (Tr. 19). An adjudicator is entitled to discount the credibility of a claimant's allegations based upon such evidence. See 20 C.F.R. § 404.1529(c)(3).

Second, the ALJ found that Plaintiff's allegations appeared extreme and implausible, especially considering his range of daily activities. Plaintiff reported he was able to cook (Tr. 76); perform light household chores, including washing clothes, washing dishes, vacuuming, and sweeping (Tr. 56, 76); pick up prescriptions (Tr. 57); go grocery shopping (Tr. 57); drive (Tr. 57); work on the family vehicles, including changing the oil every three or four months (Tr. 68-69); exercise, including by lifting weights and riding a stationary bicycle (Tr. 71-72). As stated above the regulations permit this type of evidence to be considered in evaluating Plaintiff's credibility. An ALJ is entitled to discount the credibility of complaints by a claimant who is able to engage in similar types of activities that the Plaintiff has testified to. See Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005).

Third, the ALJ also correctly concluded that Plaintiff provided inconsistent information, which supports the ALJ's finding that Plaintiff's statements may not be reliable. Regulations also allow for inconsistent statements by a claimant to be considered in a credibility determination. See 20 C.F.R. § 404.1526(c)(4). Plaintiff testified multiple times that he had suffered from a stroke. These statements were in direct conflict with test results that showed Plaintiff did not have a stroke (Tr. 550). When the ALJ questioned Plaintiff about this inconsistency, Plaintiff

admitted that in fact his neurologist had informed him that he had not suffered a stroke (Tr. 59-61). Additionally, Plaintiff testified that he had three herniated discs in his back; however, an MRI revealed that Plaintiff did not have any herniated discs. (Tr. 605). Plaintiff claims this was a mistake made by himself and that as a "layman" he should be forgiven for referring to a bulging disc as a herniated disc. (Doc. No. 10, p. 16). The MRI still discredits the inconsistent statement because there is no indication of any bulging or herniated discs. (Tr. 605). In response to the ALJ's statement that Plaintiff may not be reliable, Plaintiff claims this is illogical because "pain is not something about which a claimant can be mistaken" (Doc. No. 10, p. 15). This argument is completely groundless because it is clear that the ALJ is referring to Plaintiff's inconsistent statements regarding medical diagnosis and not referring to pain. These facts and determinations provide sufficient substantial evidence to support the ALJ's credibility finding.

**D. Weight given to Plaintiff's pain testimony**

Lastly, Plaintiff assets that his allegations should be entitled to "great weight" pursuant to Smith v. Astrue, No. 11-1574, 2011 WL 6188731 (4th Cir. Dec. 14, 2011). "Great weight is afforded to subjective evidence when it is either uncontradicted or supported by substantial evidence." Id. This simply means that a claimant's subjective allegations are afforded great weight if the ALJ finds either that they are completely uncontradicted or that they are substantially uncontradicted, without the presence of some contradictory evidence in the record. Therefore, Plaintiff's interpretation does not accurately characterize Smith. Id. It is very apparent that Plaintiff's allegations are substantially contradicted by his work history, activities of daily living, and even his own statements. Furthermore, Plaintiff does not cite any additional authority where a court has afforded great weight to subjective allegations where there has been such a

great level of contradiction. Thus, the ALJ not affording great weight to Plaintiff's allegations is not reversible error.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend/Correct the Record, (Doc. No. 7), is DENIED; Plaintiff's Motion for judgment on the Pleadings, (Doc. No. 9), is DENIED; Defendant's Motion for Summary Judgment, (Doc. No. 12), is GRANTED; and the ALJ's decision is AFFIRMED. The Clerk's Office is direct to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: August 5, 2014

Frank D. Whitney
Chief United States District Judge